### STEVENS v. UNITED STATES.
### No. 2263.

District Court, D. Minnesota, Fourth Division.
Jan. 13, 1932.

Henry G. Young, of Minneapolis, Minn., and George L. Barnard, of Willmar, Minn., for plaintiff.

Joseph W. Finley, Asst. U. S. Atty., of St. Paul, Minn., and H. F. Dickensheets, Asst. Ins. Atty., Veterans' Bureau, of Des Moines, Iowa, for the United States.

MOLYNEAUX, District Judge.

The above-entitled action came on for trial before the undersigned, one of the judges of said court, on November 19, 1931. A jury was waived by stipulation in open court and the case was tried to the court without a jury.

After considering the evidence, the arguments of counsel, and all of the files and records herein, the court finds as and for the facts herein, as follows:

### Findings of Fact.

1. The plaintiff was inducted into the active naval service of the United States of America on the 27th day of February, 1918, and remained therein until July 2, 1919, at which time he was granted an honorable discharge.

2. That at the time of entering said service on the 27th day of February, 1918, or shortly thereafter, the plaintiff applied for and was by defendant granted term insurance in the sum of $10,000, pursuant to the act of Congress approved October 6, 1917, commonly known as the War Risk Insurance Act (40 Stat. 398). He paid the prescribed premiums thereon until through July, 1919, and no longer, and with the thirty days of grace allowed by the government the policy lapsed for nonpayment of

premiums with the 30th day of August, 1919.

3. That at the time said policy lapsed the defendant was not totally and permanently disabled.

4. That on April 13, 1925, the plaintiff made written application, according to law, for reinstatement of said policy in the full amount of $10,000, and stated in his application that he was not then totally and permanently disabled, and in compliance with said application on the proof therein submitted that he was not totally and permanently disabled, and on May 1, 1925, the full $10,000 of war risk insurance was reinstated, and a certificate was duly granted to the plaintiff to that effect. That plaintiff paid the prescribed premiums on the reinstated policy through July, 1926, and failed to make said payments thereafter so that the reinstated policy remained in force until August 30, 1926, and lapsed on that date.

5. The court further finds that the plaintiff was totally and permanently disabled on the 1st day of May, 1925, and as a matter of fact I further find that the plaintiff became totally and permanently disabled some time in the year 1920; that said disability arose out of the plaintiff's service in the World War and was the proximate result of an accident he received while in said service. That the plaintiff duly filed with the United States Veterans' Bureau his application for the payment to him of the claimed installments on his said reinstated policy, which was refused, and a disagreement exists and did exist between the plaintiff and the defendant as to the right of plaintiff to the payment of said installments.

6. The court further finds that plaintiff is entitled to recover against the defendant on said reinstated policy and that there is now due and owing from the defendant to the plaintiff, the sum of $57.50 per month from and after the 1st day of May, 1925.

7. I further find that 10 per cent. of the amount owing from defendant to plaintiff is a reasonable attorney's fee to be allowed herein.

8. The court further finds that the plaintiff was insured under his reinstated policy against total and permanent disability, and that he sustained a loss, as hereinbefore stated, while the reinstated policy was in effect, and that the defendant is estopped to assert that plaintiff was totally and permanently disabled at the time of or before the reinstatement.

## Conclusions of Law.

As conclusions of law the court finds:

1. That plaintiff is entitled to recover from the defendant the sum of $57.50 per month from and after May 1, 1925, and that plaintiff's attorneys are entitled to 10 per cent. of the amount recovered by plaintiff from defendant as reasonable attorneys fees.

2. That it does appear that plaintiff became totally and permanently disabled while his reinstated contract was in force.

3. That plaintiff was insured under his reinstated policy against total and permanent disability.

4. That he sustained a loss while the reinstated policy was in effect.

5. That defendant is estopped to assert that plaintiff was totally and permanently disabled at the time of or before the reinstatement.

Let a proper form of judgment in accordance with this decision be drawn and submitted to the court for its signature.

## Memorandum.

Counsel for the defendant, contending that the plaintiff is not entitled to recover, presents the following questions of law:

(A) Is there any coverage as to total and permanent disability under the reinstated policy?

(B) Is the defendant estopped to assert that plaintiff was totally and permanently disabled when the policy was applied for and the reinstatement granted?

(C) Does defendant's position on this motion constitute a contest?

1. I will consider the second proposition, first. In the previous suit between these parties, in the case of Stevens v. United States (C. C. A.) 29 F.(2d) 904, it was held that the plaintiff was estopped by contract; the reinstated policy having been issued upon the agreement between the parties that the plaintiff was not totally and permanently disabled at the time of the application for the reinstated policy and at the time of the reinstatement.

The basis of that decision was not that the plaintiff falsely represented to the government that he was totally and permanently disabled, but that the parties to the contract agreed as a basis for the new contract that the soldier was not totally and permanently disabled at the time of the application for the reinstatement and the rein-

statement, and that both parties were estopped to deny such basic fact.

"If, in making a contract, the parties agree upon or assume the existence of a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract stands, in the absence of fraud, accident or mistake." 21 C. J. 1111, par. 111.

"The estoppel in this class of cases is fixed by the execution of the contract; nothing further need be shown, where the fact in question is clearly agreed or assumed. The question, then, will be whether the fact has been so agreed." Bigelow on Estoppel (6th Ed.) 496.

This rule of law was applied at the former trial in the lower court and also in the upper court and was held to be decisive of the case and I think it is the law of the case.

The contract is equally binding upon and estops both parties to deny the basic fact so long as the contract stands.

█ The defendant, however, claims that the amendment to section 307, enacted July 3, 1930 (section 24), of the World War Veterans' Act 1924 (section 518, title 38, USCA), as follows: "Provided, That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 445 of this title on any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy," not only eliminates the defense of estoppel on the part of the government, which successfully defeated recovery in the former suit on the original contract, but operates to give the government the right to assert as a defense against the reinstated policy that at the time of the reinstatement the plaintiff was permanently and totally disabled. In other words, that the estoppel created by the reinstated policy is removed as to both parties.

The argument is that if one party is for any reason relieved from that provision of the contract, the other party is ipso facto relieved. Undoubtedly that would be so ordinarily, but in the present instance the United States, one of the parties to the contract, has seen fit to remove the estoppel by an act of Congress as to the insured, and has given him the privilege of electing to stand on either the original or reinstated or converted policy, "without prejudicing his rights."

█ The plain intent of the statute is to permit the insured at his election to sue on the original contract and recover, if he can show that he was totally and permanently disabled while the policy was alive, or to stand on the reinstated or converted policy without surrendering any of his rights thereunder, and one of his rights established by the decision in the former suit of Stevens v. U. S., supra, was that both parties were estopped to deny the basic fact agreed upon, namely, that plaintiff was not totally and permanently disabled before the reinstatement.

The statute may be illogical and inequitable, but that is an argument to be presented to Congress and not to the court.

I hold that the defendant is estopped to assert that plaintiff was permanently and totally disabled when the policy was applied for and the reinstatement granted.

2. Taking up the point made by the defendant that there is no coverage as to total and permanent disability, the evidence shows that the plaintiff was totally and permanently disabled while the reinstated policy was in effect, from and after the 1st day of May, 1925, and if my conclusion that defendant is estopped to assert that plaintiff was totally and permanently disabled before the reinstatement is correct, then it follows that the disablement arose during the existence of the reinstated policy and that therefore there is coverage, under the policy, of the plaintiff's disablement, and accordingly I so hold.

3. In view of the holding of the court on the first two points it is not necessary to consider whether the defendant's position constitutes a contest.

In conclusion I hold:

1. That it does appear that plaintiff became totally and permanently disabled while his reinstated contract was in force.

2. That plaintiff was insured under his reinstated policy against total and permanent disability.

3. That he sustained a loss while the reinstated policy was in effect.

4. That defendant is estopped to assert that plaintiff was totally and permanently disabled at the time of or before the reinstatement.